**In the Matter of William E. McKENNA.**

No. 380S87.

Supreme Court of Indiana.

July 2, 1981.

## DISCIPLINARY ACTION

PER CURIAM.

This proceeding is before the Court on a two-count verified complaint filed by the Indiana Supreme Court Disciplinary Commission pursuant to Admission and Discipline Rule 23, Section 12. As required by Admission and Discipline Rule 23, this cause was heard by a duly appointed hearing officer, who has filed with the Court findings of facts and conclusions of law. Throughout the course of this proceeding, the Respondent was given notice by constructive service in accordance with Section 12(d) of Admission and Discipline Rule 23. Neither the Respondent nor the Disciplinary Commission have petitioned this Court for review of findings of the hearing officer.

There being no challenge to such matters, this Court now adopts and accepts as its own the findings of fact and conclusions of law tendered by the hearing officer. Accordingly, under Count I of the verified complaint this Court now finds that the Respondent, on February 13, 1979, was retained to file a suit in Small Claims Court. At that time he gave his client a business card indicating that his office was located in the Marquette Mall Office Building, Michigan City, Indiana. In reality, the Respondent was in default of his rental contract with Marquette Mall and the manager of the office building had possession of his office equipment and files. Approximately twenty days after being retained and on several occasions thereafter through August 14, 1979, the Respondent assured his client that the client's case had been filed. On August 14, 1979, the Respondent's client, upon his own inquiry of the Court, discovered that no case had been filed in the Small Claims Court, contrary to what Respondent had informed him.

Respondent's client filed his case Pro Se.

Under Count II of the verified complaint, this Court now finds that the Respondent was retained on May 24, 1979 to petition for an adoption in the St. Joseph Probate Court. On this date he was paid a retainer fee. On July 10, 1979, the Respondent filed a Petition for adoption and on August 14, 1979 a hearing was held on this petition, at which time the Respondent was requested to prepare an order for the judge's signature to effect the adoption. Respondent advised his clients that he would have the order prepared immediately. He was paid the remainder of his fee. In the months that followed the Respondent, on several occasions, assured his clients that the order had been prepared and filed. It had not. The order was finally prepared by another attorney without charge after Respondent's clients complained to the St. Joseph Bar Association Grievance Committee. The order was filed and the petition was granted on December 19, 1979.

In view of the above findings, this Court now concludes that the Respondent violated the *Code of Professional Responsibility* as charged in the verified complaint. Under both counts the findings of this Court establish that Respondent intentionally failed to carry out his contract of employment for professional services, neglected legal matters entrusted to him, and engaged in conduct prejudicial to the administration of justice which adversely reflected on his fitness to practice law. This conduct, respectively, was violative of Disciplinary Rules 7–101(A)(2), 6–101(A)(3), and 1–102(A)(1), (5) and (6) of the *Code of Professional Responsibility*.

It is now the duty of this Court, having found this conduct, to access an appropriate disciplinary sanction. It appears from the record in this cause that the Respondent had little regard for the interests of his clients, his obligation to the legal profession, and the ethical standards expected of all members of the Bar of this State. Respondent's misconduct relates to uncomplicated, routine matters which can and should be expeditiously accomplished by any attorney. A client should be able to anticipate prompt resolution of legal questions of this nature. Respondent's conduct demonstrates that, for whatever reason, he is not capable of handling the simplest of legal matters.

In view of these considerations, this Court is forced to conclude that in order to protect an unsuspecting public from conduct of this nature and in order to preserve the integrity of the profession, the strongest sanction available should be imposed. Therefore, by reason of the violations of the *Code of Professional Responsibility for Attorneys at Law* found under the verified complaint filed in this cause, it is now ordered that the Respondent be, and he hereby is, disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.